MARVIN, Judge.
Plaintiff appeals, seeking to increase a jury award from $500 to $7,500 for personal injury and medical expense arising out of a motor vehicle accident. We amend to increase and affirm.
Defendant admitted liability and that plaintiff incurred $200 in property damages as plaintiff’s deductible of his automobile collision insurance. It was shown that plaintiff’s vehicle sustained $1,400 in damages.
Plaintiff first sought medical treatment on May 5, 1979, about two weeks after the accident, for pain in his neck and in his right long finger. Plaintiff’s orthopedist diagnosed plaintiff’s injuries as a mild cervical sprain and a sprained finger and prescribed a cervical collar, muscle relaxants, and other medication. Plaintiff saw the orthopedist four additional times over the next seven months and continued to complain of pain and discomfort, headaches, dizziness, and stiffness in his neck through his last visit to the orthopedist on December 10, 1979. Plaintiff’s finger was swollen for at least two months. The orthopedist testified as to plaintiff’s complaints and that plaintiff’s symptoms caused him some disability during the course of treatment.[1] Plaintiff’s proven medical expenditures totaled $188.91.
It was also shown that plaintiff was permanently disabled within the meaning of the worker’s compensation law and that he was being paid $65 weekly benefits for this disability which occurred in 1973. Before and since the 1979 accident, however, it was shown that plaintiff has worked continuously in his own timber business, driving a truck and other equipment.
The defendant insurer’s claims adjuster testified that plaintiff told her in a telephone conversation on May 4, 1979, the day before plaintiff first saw his orthopedist, that he was dissatisfied with the negotiations for the repair of his vehicle and that if the insurer did not promptly and satisfactorily attend to this property damage claim, plaintiff was going to assert a personal injury claim. The claims adjuster made a sketchy written memorandum of this conversation which somewhat corroborates her testimony, mentioning a “whiplash injury” in connection with the mention of plaintiff. The memo does not expressly mention a “threat of injury”.
The stipulation of liability on defendant’s part was connected with plaintiff’s stipulation that his damages for personal injury should not exceed the $10,000 liability policy limits. Defendant, admitting liability in the closing argument, also suggested to the jury that
“. .. $1500 is more than adequate for the damages that [plaintiff] has suffered, if any . . . and then as I calculate the figures . . . read off to you, it was something like $188.91 . . . five visits to the doctor, $160 worth, ... an $11 cervical collar and $17 in prescriptions.”
We do not consider that defendant’s figure of $1,500 was suggested as being minimally adequate or binding upon defendant, but the suggestion strongly indicates that defendant agreed that the jury should award some minimal general damages and $188.91 for the special damages of medical expense. We reach this conclusion also because we consider that it strains credulity to reach the obvious conclusion that the jury decided *1321 that plaintiff’s general damage for the personal injuries was the odd figure of $311.09.
Following the directives of the Supreme Court from Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977), and Beck v. Stevens, 373 So.2d 498 (La.1979), we deem our responsibility on this appeal is “. . . to determine whether or not this trier of fact has abused its discretion in the award to this particular plaintiff under the facts and circumstances peculiar to this case.” Reck, 373 So.2d at p. 500.
When the overall circumstances of this plaintiff are considered, we find the jury could have minimized plaintiff’s personal injury damage because they believed, and weighed heavily against plaintiff, the testimony about plaintiff continuing to work while being treated for his complaints and about the telephone conversation recited by the insurer’s claims adjuster. We find, then, that the jury did not abuse its much discretion in assessing plaintiff’s personal injury damage at the minimal figure of $500. Coco, supra.
Notwithstanding the jury’s much discretion, we must also conclude under the overall circumstances that the jury should have awarded general damages for the personal injuries and the proved medical specials of $188.91, in addition to the $200 property damage special which is not complained of on appeal.
Accordingly, and at defendant-appellee’s cost, the judgment is amended to increase the amount awarded for personal injury from $500 to $688.91, and, as amended, is AFFIRMED.
HALL, J., concurs in part and dissents in part, with written reasons.

. The orthopedist, on direct examination, described plaintiffs complaints on plaintiffs initial visit: “... he couldn’t ... move his neck quite all the way ... without saying that it bothered him some ... and he had some tenderness ... at the base of his neck ... and I couldn’t find any real spasm ... or any objective signs of the problem, there was no swelling or warmth ... in the muscles or any objective evidence other than the complaints of pain with motion of the neck and the complaint of tenderness with pushing on the neck.... [Hje had a normal looking neck as far as X-ray was concerned ... I thought this was of a mild nature . . . just your average neck sprain. ...”
About the finger, the orthopedist said:
“.. . He could move his knuckle well ... and it was just a little tender ... I just thought it was sore and would get better in a week or so ...” Plaintiffs finger was last mentioned by the orthopedist in a report of his examination of the plaintiff on June 14, which was about two months after the accident.